**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DONNA T.,

                Plaintiff,

   v.                                                                                  5:19-CV-1480
                                                                                    (DJS)

ANDREW M. SAUL, *Commissioner of*
*Social Security*,

                Defendant.
_____

**APPEARANCES:**                                                    **OF COUNSEL:**

OLINSKY LAW GROUP                                        HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
One Park Place
300 South State Street, Suite 420
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.                      LISA SMOLLER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## <u>MEMORANDUM-DECISION AND ORDER[1]</u>

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

purposes of supplemental security income benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 18. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1966. Dkt. No. 8, Admin. Tr. ("Tr."), p. 52. Plaintiff completed high school. Tr. at p. 177. She has prior work experience as a custodian. *Id.* Plaintiff alleges disability based upon degenerative arthritis, asthma, and hypertension. Tr. at p. 52.

### B. Procedural History

Plaintiff applied for supplemental security income benefits on July 16, 2013. She alleged a disability onset date of January 30, 2009. Tr. at p. 53. Plaintiff's application was initially denied on September 19, 2013 and Plaintiff unsuccessfully pursued her administrative remedies. Plaintiff then commenced an action in this Court challenging the Commissioner's denial of benefits which resulted in the matter being remanded for further proceedings. *See generally Donna T. v. Berryhill*, 2018 WL 4153924 (N.D.N.Y. Aug. 30, 2018).[2]

---

[2] Consistent with this Court's policy regarding limiting identifying information in captions for Social Security litigation, the case name here has been modified.

Following remand Plaintiff appeared again before Administrative Law Judge ("ALJ") Elizabeth Koennecke for another administrative hearing. Tr. at pp. 1038-1062. On September 26, 2019, the ALJ issued a written decision again finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 1015-1028. Plaintiff filed no written exceptions and the ALJ's decision became the final decision of the Commissioner. This action followed.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 16, 2013, the date of her application. Tr. at p. 1018. Second, the ALJ found that Plaintiff had the following severe impairments: "hypertension/residuals of a cardiac event, obesity, asthma, and all mental impairments as variously characterized (posttraumatic stress disorder, major depressive disorder, personality disorder and depression)." *Id*. The ALJ also found that Plaintiff had several non-severe impairments, including several spine conditions. Tr. at p. 1019. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 1020. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except:

> she is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit for six hours in an 8-hour day, and stand/walk for 6 hours in an 8-hour workday[.] She should avoid concentrated exposure to respiratory

3

irritants, and should only have occasional social contact with the public. There are no other mental limitations.

Tr. at p. 1022.  Fifth, the ALJ found that Plaintiff could perform her past relevant work as a janitor.  Tr. at p. 1026.  The ALJ, therefore, concluded that Plaintiff is not disabled.  Tr. at p. 1028.

### D. The Parties' Positions

Plaintiff makes two arguments in support of reversal.  First, she argues that the ALJ's determination regarding Plaintiff's mental residual functional capacity was not supported by substantial evidence, because the ALJ failed to afford appropriate weight to a treating physician's opinion.  Dkt. No. 11, Pl.'s Mem. of Law, pp. 11-17.  Second, Plaintiff argues that the ALJ's assessment of the physical RFC is unsupported by substantial evidence because there were no functional opinions subsequent to several more recent surgeries.  *Id.* at p. 18.  Defendant counters that the ALJ properly evaluated the opinion evidence in the record and that her determination is supported by substantial evidence.  *See generally* Dkt. No. 18, Def.'s Mem. of Law, pp. 3-20.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it

was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not

substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A. The ALJ's Analysis of Plaintiff's Mental RFC

The record contains a medical source statement from Dr. Marlene Wheeler, a licensed clinical psychologist, who was a treating provider to Plaintiff. Tr. at pp. 2467-2471. Dr. Wheeler's opinion indicated that Plaintiff would have significant difficulties functioning in the workplace. In her opinion, Plaintiff had "no useful ability to function" in a number of areas including maintaining a regular schedule; completing a normal work schedule without interruption; performing at a consistent pace without an unreasonable number of rest breaks; and using public transportation. Tr. at p. 2468. Dr. Wheeler also found that Plaintiff would be "unable to meet competitive standards" in a significant number of functional areas related to her ability to remember and follow workplace procedures and instructions; work in proximity to and with others; deal with normal workplace stressors; and maintain socially appropriate behavior. Tr. at p. 2468. The ALJ afforded this opinion "limited weight." Tr. at pp. 1025-1026. The basis for doing so was that "Dr Wheeler's opinion is not entirely consistent with her treatment notes, not supported by the overall record and rebutted by other opinion." Tr. at p. 1025. Having considered the record and the arguments of the parties, the Court concludes that the ALJ failed to properly evaluate Dr. Wheeler's opinion and that remand is required for further consideration.

The Second Circuit has long recognized the "treating physician rule" set forth in 20 C.F.R. §416.927(c).  Under this rule, the opinion of a treating provider "as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'"  *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).  However, "the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts."  *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

The ALJ must provide "good reasons" for the weight given to treating providers' opinions.  *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019).  "Good reasons are defined as those supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Melton v. Astrue*, 2012 WL 1933731, at *3 (E.D. Ky. May 29, 2012) (internal quotation and citation omitted).

"[T]he treating physician rule is particularly important in the context of mental health."  *Canales v. Comm'r of Soc. Sec.*, 698 F. Supp. 2d 335, 342 (E.D.N.Y. 2010); *see also Bodden v. Colvin*, 2015 WL 8757129, at *9 (S.D.N.Y. Dec. 14, 2015) (in cases where "mental health treatment is at issue, the treating physician rule takes on added

importance."); *Jacobi v. Colvin*, 2015 WL 4939617, at *9 (S.D.N.Y. Aug. 19, 2015) (similar). There is no dispute that Plaintiff has significant mental health issues. *See, e.g.*, Tr. at p. 1019 (ALJ's finding of "severe mental impairment").

The ALJ concluded that Dr. Wheeler's opinion was rebutted by another opinion, Tr. at p. 1025, but her determination does not specify the opinion that rebuts it and it is not apparent from the record to what opinion the ALJ could have been referring. The ALJ afforded the opinion of consultative examiner Dr. Kalyani Ganesh full weight. Tr. at p. 1024. But that exam was an orthopedic exam and did not address Plaintiff's identified mental health issues. *See* Tr. at pp. 384-387. The record does not reveal another opinion to which the ALJ afforded any significant weight addressing Plaintiff's mental health issues and their impact on her functional ability in the workplace. *See* Tr. at pp. 1024-1026. Reliance on this unidentified opinion was not a good reason for discounting Dr. Wheeler's opinion. This omission is significant because while it is the ALJ's province to choose between properly supported opinions, here it is entirely unclear what opinion the ALJ believed rebutted Dr. Wheeler's opinion. The Court thus cannot assess whether substantial evidence supports reliance on that opinion over Dr. Wheeler's. Given that Dr. Wheeler's opinion would support a finding that Plaintiff was disabled, the failure to make the basis for the decision clearly impedes the Court's ability to evaluate the record. Remand for further consideration of Dr. Wheeler's opinion, therefore, is necessary.

### B. The ALJ's Analysis of Plaintiff's Physical RFC

With respect to the physical RFC finding, Plaintiff objects only that it was not supported by substantial evidence because the record lacked a medical opinion regarding Plaintiff's functional capacity following surgeries in 2016 and 2018. Pl.'s Mem. of Law at p. 18. Having reviewed the record, the Court finds no error in this determination. In support of her conclusions, the ALJ relied heavily on the opinion of Dr. Ganesh, a consultative examiner whose opinion she gave "full weight." Tr. at p. 1024.

When Plaintiff's claim was first considered in this Court, Judge Kahn found that:

> Dr. Ganesh's opinion regarding Plaintiff's physical disability was consistent with the observations he made during the consultative examination, and consistent with the record as a whole. Accordingly, Dr. Ganesh's opinion constitutes substantial evidence in support of the ALJ's findings regarding the severity of Plaintiff's physical disabilities and the ALJ's determination of Plaintiff's RFC.

*Donna T. v. Berryhill*, 2018 WL 4153924, at *7. Plaintiff does not challenge the appropriateness of again giving weight to Dr. Ganesh's opinion here, arguing instead, it would appear, that the subsequent surgeries had rendered the opinion stale. *See* Pl.'s Mem. of Law at p. 18. The ALJ specifically referenced those surgeries and discussed Plaintiff's condition after them. Tr. at p. 1023. The ALJ also imposed limitations on Plaintiff's ability to sit and stand, despite having found that Plaintiff's spinal conditions were non-severe limitations.[3] Tr. at pp. 1019 & 1022.

---

[3] Plaintiff also does not specifically challenge that finding in this proceeding.

Plaintiff offers little in support of her position regarding alleged functional limitations related to her surgeries. She notes that she continues to suffer pain following the surgeries, Pl.'s Mem. of Law at p. 18 (citing Tr. at pp. 1044-1045), but the ALJ specifically found that her subjective complaints were not fully consistent with the objective medical evidence, Tr. at p. 1023, a finding Plaintiff does not challenge here. The ALJ's analysis recognized the facts regarding Plaintiff's surgeries, but ultimately did not find, in light of the other record evidence, that the pain identified by Plaintiff was disabling. *Id.* (noting evidence in the record that Plaintiff's pre-operational pain had resolved following 2018 surgery). Plaintiff's brief and conclusory argument that a functional opinion was necessary has not explained how a review of the new evidence she cites would have changed the opinions provided by the consulting physician on whose opinion the ALJ relied. *Schreiner v. Comm'r of Soc. Sec.*, 2020 WL 5250535, at *7 (W.D.N.Y. Sept. 3, 2020). As a result, the Court finds no basis for reversing the ALJ's findings regarding Plaintiff's physical RFC.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED,** that Defendant's decision denying Plaintiff disability benefits is **VACATED** and **REMANDED** pursuant to Sentence Four of section 405(g) for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 9, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge